**F I L E D**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAVID LOUIS KING,

     Defendant - Appellant.

No. 04-2137

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-02-2092-MV)**

---

Amy Sirignano, Assistant United States Attorney, (and David C. Iglesias, United States Attorney, with her on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

Kenneth A. Gleria, Albuquerque, New Mexico, for Defendant - Appellant.

---

Before **KELLY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

     Defendant-Appellant David Louis King pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 180 months imprisonment under the Armed

Career Criminal provisions in 18 U.S.C. § 924(e) ("Armed Career Criminal Act" or "ACCA") and U.S.S.G. § 4B1.4. On appeal, he challenges his sentence arguing that (1) the district court erred in characterizing his prior commercial burglary conviction as a crime of violence and thereby using it as a basis to enhance his sentence under the ACCA and § 4B1.4 of the Sentencing Guidelines, and (2) the district court made factual findings related to this prior conviction in violation of the Sixth Amendment as interpreted by Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005).[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In February 2004, Mr. King pleaded guilty to one count of a two-count indictment charging him with being a felon in possession of a firearm. I R. Docs. 37, 56. The Presentence Investigation Report ("PSR") recommended that Mr. King's sentence be enhanced under the ACCA and U.S.S.G. § 4B1.4 based on his prior violent felony convictions for armed robbery, commercial burglary, and residential burglary. II R. at 8. Mr. King objected to the inclusion of his commercial burglary conviction arguing it is not a violent felony as defined by the ACCA and Taylor v. United States, 495 U.S. 575 (1990), because the record did

_____

[1]As Mr. King filed his appeal before Booker was decided, he argues in his brief that the district court violated his Sixth Amendment right under Blakely v. Washington, 542 U.S. 296 (2004). However, in this opinion we refer to Booker because it addressed the federal Sentencing Guidelines.

not establish that the storage unit he unlawfully entered was a "structure." I R. Doc. 61. The district court rejected Mr. King's argument finding that "[t]he indictment and guilty plea demonstrate [Mr. King] was charged with and admitted that he entered . . . a structure." Aplt. Br. Attach. E at 26. The district court also considered photographs of the storage unit proffered by the government concluding, "[i]t is apparent from the photographs . . . that this self storage unit is a structure." Id. at 27. Mr. King was sentenced as an armed career criminal to 180 months imprisonment, the bottom of the applicable guideline range.

A. Sentence Enhancements

The ACCA mandates that a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Section 4B1.4 of the Sentencing Guidelines defines those subject to enhancement under the ACCA as "armed career criminal[s]" and likewise provides for an enhanced sentencing offense level and criminal history category.[2] Burglary is one of the offenses included in the

---

[2] Section 4B1.4 states:

(a)     A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)     The offense level for an armed career criminal is the greatest of:

ACCA's definition of "violent felony." 18 U.S.C. § 924(e)(2)(B). The ACCA

does not define "burglary;" however, in interpreting the Act, the Supreme Court

adopted a generic definition. Taylor, 495 U.S. at 599. Thus, "any crime,

<div style="border-top:1px solid;width:30%"></div>

     (1)    the offense level applicable from Chapters Two and Three; or

     (2)    the offense level from § 4B1.1 (Career Offender) if applicable; or

     (3)    (A)    **34**, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or

             (B)    **33**, otherwise.

(c)    The criminal history category for an armed career criminal is the greatest of:

     (1)    the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or

     (2)    Category VI, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or

     (3)    Category IV.

regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" is a burglary and a violent felony under the ACCA. Id. (emphasis added).

The Taylor Court also held that in determining whether a given conviction meets the generic definition of burglary, the sentencing court is only permitted to consider "the fact of conviction and the statutory definition of the prior offense." Id. at 602. This has been termed a "categorical approach." United States v. Hernandez-Rodriguez, 388 F.3d 779, 782 (10th Cir. 2004). However, when a conviction results from a non-generic statute, the sentencing court can go "beyond the mere fact of conviction" and consider the charging papers and jury instructions to determine whether the jury was "actually required . . . to find all the elements of generic burglary in order to convict." Taylor, 495 U.S. at 602. Since Taylor, the Court has applied its holding to convictions resulting from plea agreements as well, and similarly, where a defendant pleads guilty under a non-generic statute, the sentencing court can consider "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." Shepard v. United States, __ U.S. __, 125 S. Ct. 1254, 1263 (2005).

Here, Mr. King argues that his commercial burglary conviction is not a

violent felony because the evidence properly considered under the categorical approach does not establish the storage unit was a "structure." We review de novo whether a prior conviction is a violent felony for purposes of enhancement under the ACCA and U.S.S.G. § 4B1.4. United States v. Moyer, 282 F.3d 1311, 1315 (10th Cir. 2002); United States v. Concha, 233 F.3d 1249, 1253 (10th Cir. 2000).

Mr. King was convicted of commercial burglary under a non-generic burglary statute. See N.M. Stat. Ann. § 30-16-3 (defining burglary as unlawful entry of "any vehicle, watercraft, aircraft, dwelling or other structure"). Thus, the district court properly considered the indictment and plea agreement related to the offense. The indictment charged that "on or about the 10th day of July, 1995, in Bernalillo County, New Mexico, [Mr. King] entered a structure, American Self-Storage Unit #136 . . ., without authorization or permission, with intent to commit a theft therein." Aplt. Br. Attach. B at 1 (emphasis added). Mr. King subsequently pleaded guilty to the offense "as charged in . . . [the] Indictment." Aplt. Br. Attach C at 1. Simply by the words used, both of these documents establish that Mr. King was convicted for unlawfully entering a structure. See United States v. Hill, 53 F.3d 1151, 1154-55 (10th Cir. 1995) (en banc) (finding generic burglary elements satisfied where charging document alleged defendant unlawfully "enter[ed] into a certain building" and defendant pleaded guilty after

"having been duly informed of the nature of the charge") (internal quotations omitted); United States v. Pluta, 144 F.3d 968, 976 (6th Cir. 1998) (finding generic burglary conviction where charging document stated defendant entered a person's home).

Relatedly, Mr. King argues the district court erred when it considered photographs of the storage unit in deciding whether it was a structure. Photographs are indisputably outside the bounds of permissible evidence considered by a sentencing court under the categorical approach. However, given that the indictment and plea agreement sufficiently establish that Mr. King entered a structure, this error is harmless. Fed. R. Crim. P. 52(a).

B. Sixth Amendment Argument

Finally, Mr. King asserts that the district court violated his Sixth Amendment rights by finding facts related to his prior conviction. As this argument was not raised below, we review for plain error. United States v. Trujillo-Terrazas, 405 F.3d 814, 817 (10th Cir. 2005). The Supreme Court's Sixth Amendment holding in Booker reaffirms that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756 (emphasis added). As we have recently held, this prior conviction

- 7 -

exception "subsumes inquiries into whether a given conviction constitutes a 'violent felony.'" United States v. Serrano, 406 F.3d 1208, 1220 (10th Cir. 2005) (citation omitted).  Indeed, "[b]ecause determining whether a given felony constitutes a 'violent felony' is a question of law and not fact, the Sixth Amendment does not require that determination to be made by a jury." Id. (citation omitted).

Mr. King argues the exception for prior convictions does not apply in this case because in considering the photographs of the storage unit the district court went beyond simply finding the fact of the prior conviction, instead finding facts regarding the nature of the conviction.  See Aplt. Br. at 23-24.  He again asserts that "[b]ut for the district court's reliance on the photographic exhibits offered by the government, no admissible basis exists to establish a prior conviction for a generic burglary crime within the meaning of [the ACCA]." Id. at 24-25. However, this argument is foreclosed by our conclusion that the indictment and plea agreement establish the generic elements of burglary, and we need not address it further.

AFFIRMED.