**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDUARDO MARTINEZ-
HERNANDEZ,

Defendant-Appellant.

No. 04-2101

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-03-940-BB)**

---

Thomas L. Wright, El Paso, Texas, for Defendant-Appellant.

Norman Cairns, Assistant United States Attorney, (David C. Iglesias, United
States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-
Appellee.

---

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

This case requires us to determine whether a prior California conviction for

possession of a weapon was a "firearms offense" within the meaning of the

Sentencing Guidelines, § U.S.S.G. 2L1.2(b)(1)(A), where the state statute under which the defendant was convicted encompassed a wide variety of weapons, including many that are not firearms, but the police report indicated that the defendant's weapon was a sawed-off shotgun.

## I.

In February 2003, a border patrol agent encountered Mr. Martinez, a citizen of Mexico, near Columbus, New Mexico without documentation allowing him to be in the United States. Mr. Martinez pled guilty to illegally entering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a)(1)–(2) and (b)(2). Several years before, Mr. Martinez had been convicted of violating California Penal Code § 12020(a)(1). This prohibits possession of any of a long list of weapons. The list includes firearms, but also includes weapons that are not firearms, such as ballistic knives, metal knuckles, leaded canes, lipstick case knives, cane swords, hand grenades, blackjacks, slingshots, and sandbags, as well as such exotic-sounding devices as nunchakus, shurikens, shobi-zues, and saps. According to the police report, Mr. Martinez's weapon of choice was a sawed-off shotgun, which falls within the definition of short-barreled shotgun, which is explicitly listed among the forbidden weapons of § 12020(a)(1).[1]

_____

[1]The Code defines "short-barreled shotgun" to include "[a] firearm which is designed or redesigned to fire a fixed shotgun shell and having a barrel or barrels

(continued...)

The base offense level for unlawfully entering or remaining in the United States is eight. U.S.S.G. § 2L1.2(a). The Sentencing Guidelines provide a sixteen-level enhancement to this base offense level if the defendant previously was deported after "a conviction for a felony that is . . . a firearms offense." U.S.S.G. § 2L1.2(b)(1)(A)(iii). The only issue at sentencing (and in this appeal) was whether Mr. Martinez's prior conviction was a "firearms offense" meriting a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Relying on the police report indicating that Mr. Martinez was convicted for possessing a short-barreled shotgun, the district court concluded that Mr. Martinez's prior conviction was a firearms offense and imposed the sixteen-level enhancement. We review the district court's legal interpretation of the Guidelines de novo. *United States v. Castro-Rocha*, 323 F.3d 846, 848-49 (10th Cir. 2003).

A.

Sentencing enhancements for prior convictions are a common feature of both the Sentencing Guidelines and the criminal code. Depending on the language of the enhancement, courts have employed two different approaches in deciding whether a prior conviction warrants an enhancement. First, when the language of the enhancement "confines [the court's] inquiry to the terms of the

<hr>

[1](...continued)
of less than 18 inches in length." *Id.* at § 12020(c)(1)(A). There is no dispute that a sawed-off shotgun described in the police report falls within this definition.

statute of conviction," *United States v. Herrera-Roldan*, No. 04-2159, 2005 WL 1635366 at *2 (10th Cir. Jul. 13, 2005), courts employ the "categorical approach," looking not to the particular facts of the prior conviction but to the terms of the underlying statute. For example, in *United States v. Torres-Ruiz*, 387 F.3d 1179, 1182 (10th Cir. 2004), the Guidelines provided a sixteen-level enhancement for a prior conviction of a "crime of violence," which was defined as "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Rather than looking at the actual facts underlying the defendant's prior conviction, the court looked to the elements of the California DUI statute under which he had been convicted, ultimately concluding that driving under the influence was not a crime of violence. *Id.* at 1188.

Even the categorical approach, however, permits courts to look beyond the statute of conviction under certain circumstances. When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy. For example, in *United States v. King*, ___ F.3d ___, 2005 WL 2093031 (10th Cir. August 31, 2005), the defendant had previously been convicted of commercial burglary, which was defined as unlawful entry of "any vehicle, watercraft,

-4-

aircraft, dwelling or other structure." *See* N.M. Stat. Ann. § 30-16-35. To determine whether this conviction qualified as a burglary for purposes of an enhancement under the Armed Career Criminal Act, which includes only burglaries of "a building or structure," the Court looked to the indictment and guilty plea, ultimately concluding that the defendant had burgled a structure. *United States v. King,* No. 04-2137 (circ. op. 5–6); *see also United States v. Perez-Vargas*, No. 04-1321, 2005 WL 1655841, *2 (10th Cir. Jul. 15, 2005) (looking to the statute of conviction, charging documents and similar court records, and the defendant's admissions regarding prior convictions to determine whether assault was a "crime of violence").

Second, when the language of the enhancement "requires courts to look at the specific facts underlying the prior offense," *United States v. Martinez-Candejas*, 347 F.3d 853, 859 (10th Cir. 2003), courts employ a "factual approach," *Taylor v. United States*, 495 U.S. 575, 601 (1990), looking not only at the terms of the statute of conviction, but also at the underlying facts. For example, in *Martinez-Candejas*, the question was whether the defendant had committed one of a particular set of offenses "with a profit motive." 347 F.3d at 858. Profit motive was not an element of the underlying crimes, and it was determined by examining the presentence report on the previous conviction. *See also, e.g., United States v Mackovich*, 209 F.3d 1227, 1240 (10th Cir. 2000)

-5-

(enhancement based on whether the defendant had used or threatened the use of a dangerous weapon in connection with the underlying offense). Because enhancements more often focus on the terms of the statute of conviction than the underlying facts, and because of the "practical difficulties and potential unfairness" of the factual approach, *Taylor*, 495 U.S. at 601, the factual approach is less common than the categorical approach. But the choice between the two approaches always depends on the language of the enhancement. *See id.* at 600-01.

The government argues that the definition of "firearms offense"—"An offense under Federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. 5845(a)," U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(v)(II)—requires us to employ the factual approach. It contrasts this definition with that for "crime of violence," which the Guidelines define as "any offense under federal, state, or local law that has as an element the use . . . of physical force against the person of another," U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(iii), and which this Court has interpreted under the categorical approach. *United States v. Torres-Ruiz*, 387 F.3d at 1182. According to the government, the phrase "that has as an element" mandates the categorical approach, while the phrase "that prohibits" authorizes us to examine the underlying facts.

-6-

We disagree. Both phrases focus on the terms of the statute of conviction. "That has as an element" asks us to look at the elements of the statute of conviction; "that prohibits" asks us to look at what the statute prohibits. Neither phrase directs our attention to the underlying facts. A more helpful contrast is to the statutory definition of "prior sex offense conviction," which is "an offense consisting of conduct that would have been an offense under [certain federal statutes] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2426(b)(1)(B). The phrase "an offense consisting of conduct," unlike the phrase "an offense under federal, state, or local law that prohibits," directs our attention not to the terms of the statute but to the underlying conduct, as at least one circuit has held. *United States v. Breitweiser*, 357 F.3d 1249, 1255 (11th Cir. 2004).[2] By contrast, nothing in the definition of "firearms offense" directs our attention to the defendant's underlying conduct. We are therefore limited to the categorical approach.

This conclusion is consistent with our recent decision in *United States v. Herrera-Roldan*, No. 04-2159, 2005 WL 1635366 (10th Cir. Jul. 13, 2005), where

---

[2]*See also United States v. Herrera-Roldan*, 2005 WL 1635366 at *2 (explaining that the phrase "'[a]n offense under state or local law *consisting of conduct* that would have been an offense under [certain federal statutes] if the offense had occurred within the special maritime and territorial jurisdiction of the United States' . . . at least arguably directs our attention to the defendant's underlying conduct") (quoting U.S.S.G. § 2L1.2, Application Note 1(B)(v)(VI)).

we applied the categorical approach to functionally identical language in the definition of "drug trafficking offense." *See* U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(iv) (defining "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance"). It also comports with decisions from other circuits construing the same language. *See United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005) (applying the categorical approach to the definition of "drug trafficking offense" under U.S.S.G. 2L1.2(b)(1)); *United States v. Navidad-Marcos*, 367 F.3d 903, 907 (9th Cir. 2004) (same). Accordingly, we apply the categorical approach in this case.

B.

Using the categorical approach, we conclude that Mr. Martinez's prior conviction was not a "firearms offense" as that term is defined under U.S.S.G. § 2L1.2(b)(1)(A)(iii).[3] The Guidelines define a "firearms offense" as "[a]n offense under Federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. 5845(a)." U.S.S.G. § 2L1.2(b)(1), Application Note

---

[3]The government has not addressed whether Mr. Martinez's prior conviction is an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) or "any other felony" under § 2L1.2(b)(1)(D). We leave that issue to the district court on remand. Furthermore, neither party has addressed whether Mr. Martinez's prior California conviction might be a "firearms offense" under the alternative definition of that term in U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(v)(VI). The parties are likewise permitted to address this issue on remand.

1(B)(v)(II).[4]  The California statute under which Mr. Martinez was convicted

prohibits possession of a variety of weapons, some of which are "described in 26

U.S.C. § 5845(a)" and some of which are not.[5]  Thus, we cannot tell, based solely

on the terms of the California statute, whether Mr. Martinez's prior conviction

was a "firearms offense."  Nor do the official judicial records, such as the

charging documents, the terms of the plea agreement, or the transcript of the plea

colloquy, shed any light on what type of weapon Mr. Martinez possessed.  For all

we know from the statute of conviction and other documents open to examination

under the categorical approach, Mr. Martinez could have possessed a slingshot or

sandclub, or even a shuriken or a shobi-zue, rather than a short-barreled shotgun

as the government asserts.[6]

---

[4]There are five other definitions of "firearms offense," but none are at issue here.  *Id.*, Application Notes 1(B)(v)(I), (III)–(VI).

[5]California Penal Code § 12020(a)(1) subjects to punishment any person who "possesses any cane gun or wallet gun, any undetectable firearm, any firearm which is not immediately recognizable as a firearm, any camouflaging firearm container, any ammunition which contains or consists of any flechette dart, any bullet containing or carrying an explosive agent, any ballistic knife, any multiburst trigger activator, any nunchaku, any short-barreled shotgun, any short-barreled rifle, any metal knuckles, any belt buckle knife, any leaded cane, any zip gun, any shuriken, any unconventional pistol, any lipstick case knife, any cane sword, any shobi-zue, any air gauge knife, any writing pen knife, any metal military practice handgrenade or metal replica handgrenade, or any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sap, or sandbag."

[6]A shuriken is "an[] instrument, without handles, consisting of a metal plate

(continued...)

-9-

Conceding as much, the government asks us to expand the range of documents we consider under the categorical approach. It points to a California police report, parroted in the presentence report, which indicates that Mr. Martinez possessed a "sawed-off shotgun," one of the firearms described in 26 U.S.C. § 5845(a). According to the government, examining the police report "is consistent with the policy behind the [categorical approach]" and establishes "which weapon, from a list of banned weapons, Martinez had admitted to possessing." Gov't Br. 20.

However, four days before oral argument in this case, the Supreme Court rejected a similar argument, holding that in applying the categorical approach to prior guilty pleas, sentencing courts are forbidden from "look[ing] to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for," an offense meriting an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Shepard v. United States*, 125 S.Ct. 1254, 1257 (2005). Although *Shepard*

---

[6](...continued)
having three or more radiating points with one or more sharp edges and designed in the shape of a polygon, trefoil, cross, star, diamond, or other geometric shape for use as a weapon for throwing." Cal. Penal Code § 12020(c)(11). A shobi-zue is "a staff, crutch, stick, rod, or pole concealing a knife or blade within it which may be exposed by a flip of the wrist or by a mechanical action." *Id.* § 12020(c)(16). Unlike a short-barreled shotgun, neither is a firearm described in 26 U.S.C. § 5845(a).

interpreted only the ACCA, the government candidly admits that "the rationale used by the Supreme Court would seem to apply to the guideline enhancements as well as statutory enhancements," Aple. 28(j) Letter, Mar. 18, 2005, and we see no reason to disagree. *See also United States v. Smith*, 10 F.3d 724, 733-34 (10th Cir. 1993) (per curiam) (refusing to give conclusive weight to a police report when considering an enhancement under U.S.S.G. § 4B1.2), *cited in Shepard*, 125 S.Ct. at 1260 n.3. We therefore refuse to consider the police report here.

C.

The government offers two more arguments with which we can dispense fairly quickly. The first is that it is "impractical and illogical to apply the categorical approach to firearms offenses" because that approach sweeps too broadly. Gov't Br. 15. According to the government, because the California statute prohibits the possession of *some* firearms "described in 26 U.S.C. § 5854," *any* conviction under that statute is a "firearms offense" because the statute is one "that prohibits the possession of a firearm described in 26 U.S.C. 5845(a)." U.S.S.G. § 2L1.2(b)(1), Application Note 1(B)(v)(II). In other words, it doesn't matter what weapon Mr. Martinez possessed: even a shuriken or shobi-zue would count because Mr. Martinez was convicted under a statute "that prohibits the possession of [at least one] firearm described in 26 U.S.C. 5845(a)." *Id.*

This argument misses the point of the categorical approach and, in any event, would make application of the categorical approach "impractical and illogical" *any* time the statute of conviction sweeps more broadly than the Guidelines definition of an offense. Take, for example, the Supreme Court's recent decision in *Shepard*. There, the defendant had four prior convictions for burglary under a Massachusetts statute that swept more broadly than the Guidelines definition of burglary: the Massachusetts statute included not only burglary of a building, but also burglary of boats and cars. 125 S.Ct. at 1257. According to the government, it would be "illogical" to apply the categorical approach in *Shepard* because regardless of whether the defendant burgled a house or a car, he was convicted under a Massachusetts statute that prohibited burglary of a building and therefore constituted "burglary" under the Guidelines. The Supreme Court did not agree: rather than scrapping the categorical approach it resolved the ambiguity by examining the limited set of documents permitted under that approach.

The government's final argument is that Mr. Martinez admitted that he possessed a short-barreled shotgun because he failed to object to a factual finding to that effect in his presentence report. However, this argument ignores the fact that Mr. Martinez *did* object to the portion of the presentence report treating his prior conviction as a firearms offense, and he objected to it on the very same

ground he raises on appeal. He argued that "California Penal Code § 12020 covers both possession of firearms and possession of many things that are not firearms," and "using the categorical approach it cannot be determined which [type of offense Mr. Martinez's] was." Aplt. App. 14. This objection, which carries with it an implicit rejection of any factual finding about particular weapons, is sufficient for us to conclude that Mr. Martinez did not admit to possessing a short-barreled shotgun.

## II.

For the foregoing reasons, we REMAND this matter to the district court with instructions to VACATE Mr. Martinez's sentence and resentence him in accordance with this opinion.