**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 05-3074 |
| | (D. Kansas) |
| EMILIO TRETO-BANUELOS, | (D.Ct. No. 04-CR-10191-MLB) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Emilio Treto-Banuelos pled guilty to illegal reentry after deportation in

violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to forty-two months

---

[*] This order and judgment is not binding precedent except under the doctrines of law of
the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

imprisonment. On appeal, Treto-Banuelos argues the district court erred in enhancing his sentence sixteen levels based on the court's conclusion that his prior felony conviction was a "crime of violence" under USSG §2L1.2(b)(1)(A).[1] Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I. Background

In December 1996, Treto-Banuelos pled guilty in Kansas state court to felony criminal threat in violation of KAN. STAT. ANN. § 21-3419. He was subsequently deported. In July 2004, Treto-Banuelos was found in Dodge City, Kansas, without having permission to be in the United States. On August 11, 2004, he was indicted in the United States District Court for the District of Kansas for illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). On November 12, 2004, the government filed a superseding information, which was amended on November 15, 2004. The amended superseding information charged Treto-Banuelos with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). On November 15, 2004, Treto-Banuelos pled guilty to the amended superseding information.

_____

[1] Treto-Banuelos was sentenced pursuant to the November 1, 2004 edition of the United States Sentencing Guidelines Manual. All citations to the guidelines in this order and judgement refer to the 2004 guidelines unless otherwise indicated.

Thereafter, a presentence report was prepared. Concluding that Treto-Banuelos' prior Kansas conviction for criminal threat was a "crime of violence," the probation officer recommended a 16-level enhancement to the base offense level pursuant to USSG §2L1.2(b)(1)(A). Treto-Banuelos objected to this enhancement. The district court overruled the objection. With a total offense level of 21 and a criminal history level of III, Treto-Banuelos' guideline range was forty-six to fifty-seven months imprisonment. However, considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced him to forty-two months imprisonment. This appeal followed.[2]

## II. Discussion

We are called upon to determine whether Treto-Banuelos' prior Kansas conviction for felony criminal threat is a "crime of violence" within the meaning of USSG §2L1.2(b)(1)(A). Our review is de novo. *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005).

Section 2L1.2(b)(1)(A) calls for a 16-level enhancement to a defendant's base offense level if the defendant was previously deported after a conviction for a felony "crime of violence." A "crime of violence" is defined in relevant part as "any offense under federal, state, or local law that has as an element the use,

---

[2] In his plea agreement, Treto-Banuelos waived his right to appeal but preserved his right to appeal in the event the district court enhanced his sentence under USSG §2L1.2(b)(1)(A).

attempted use, or threatened use of physical force against the person of another." USSG §2L1.2, comment. (n.1(B)(iii)). Because this definition confines our inquiry to "the terms of the statute of conviction," we employ the "categorical approach" to determine whether Treto-Banuelos' prior conviction for "criminal threat" is a "crime of violence" warranting a 16-level enhancement. *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005); *see Perez-Vargas*, 414 F.3d at 1284-85. Under the categorical approach, we look to the terms of the underlying statute of conviction rather than the actual facts underlying the conviction. *Martinez-Hernandez*, 422 F.3d at 1086. In certain circumstances, however, the categorical approach permits courts to look beyond the statute of conviction. *Id.* "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *Id.*; *see Shepard v. United States*, 125 S.Ct. 1254, 1259-60, 1263 (2005). However, we are prohibited from probing police reports or complaint applications as they would require us to inquire into the factual basis for the earlier conviction, thereby upsetting the purpose of the categorical approach which is to avoid collateral trials. *Shepard*, 125 S.Ct. at 1257, 1261.

At the time of Treto-Banuelos' conviction in 1996, KAN. STAT. ANN. § 21-

3419 stated in relevant part:

> (a) A criminal threat is any threat to:
>
>> (1) Commit violence communicated with intent to terrorize another, or to cause the evacuation of any building, place of assembly or facility of transportation, or in reckless disregard of the risk of causing such terror or evacuation; or
>>
>> (2) adulterate or contaminate any food, beverage, drug or public water supply.

KAN. STAT. ANN. § 21-3419 (1993). Treto-Banuelos argues that under the categorical approach, because § 21-3419 can be violated without the "use, attempted use, or threatened use of physical force against the person of another" (*i.e.*, § 21-3419(a)(2)), his prior conviction is not a "crime of violence" under USSG §2L1.2(b)(1)(A). His argument is without merit.

As stated previously, when we are faced with a statute of conviction that reaches a broad range of conduct, some of which merits an enhancement and some of which does not, we may resolve the ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy. Section 21-3419 is such a statute. Therefore, we may consider the official court records of Treto-Banuelos' underlying conviction.

The original complaint alleged Treto-Banuelos "unlawfully, maliciously, intentionally and without authority discharge[d] a firearm at a motor vehicle, or other means of conveyance of persons or property in which there is a human

-5-

being, who is placed in immediate apprehension of bodily harm which results in bodily harm to a person during the commission thereof." (R. Supp. Vol. I at Attachment 1.) It charged him with "Criminal Discharge of a Firearm at an occupied vehicle which results in bodily harm to a person[,] a severity level 5 person felony, in violation of K.S.A. 21-4219." (*Id.*) The amended complaint, to which Treto-Banuelos pled guilty, alleged he "unlawfully [] communicate[d] any threat to commit violence with the intent to terrorize another, in violation of K.S.A. 21-3419. CRIMINAL THREAT is a Severity Level 9, person felony." (*Id.* at Attachment 2.) Consistent with the amended complaint, the Journal Entry of Judgment indicates Treto-Banuelos' offense was a "Person Felony Committed With a Firearm."[3] (*Id.*) Thus, it is clear Treto-Banuelos' prior Kansas conviction for criminal threat constitutes a "crime of violence" under USSG §2L1.2(b)(1)(A) as it involved the "use, attempted use, or threatened use of physical force against the person of another." Consequently, the 16-level enhancement to his sentence was appropriate.

AFFIRMED.

**Entered by the Court:**

---

[3] There is no indication in the record that Treto-Banuelos objected to the amended complaint's or Journal Entry of Judgment's description of his offense as a person felony.

-6-

**Terrence L. O'Brien**
United States Circuit Judge