**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RAUL TEODOMIRO OBANDO-
LANDA,

        Defendant - Appellant.

No. 05-2313

(D. New Mexico)

(D.C. No. CR-05-1103-RB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Raul Obando-Landa, a citizen of Peru, pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). He was sentenced to forty-six months' imprisonment, which was based in part upon a sixteen-level enhancement of his total offense level under the United States Sentencing Commission, Guidelines Manual ("USSG"), §2L1.2(b)(1)(A) (Nov. 2004), which in turn was based upon the district court's characterization of Obando-Landa's prior New York state conviction for attempted robbery in the third degree as a "crime of violence." He appeals his sentence on the sole ground that the district court erred in applying that enhancement in its determination of his sentence. We affirm.

**BACKGROUND**

On April 5, 2004, United States Border Patrol authorities encountered Obando-Landa on a Greyhound bus at a Border Patrol checkpoint in Dona Ana County, New Mexico. When questioned about his citizenship, Obando-Landa admitted that he was a national and citizen of Peru, but claimed he was a legal permanent resident alien, although he lacked documentation of that status. He was accordingly detained, and further investigation revealed that he possessed no immigration documents authorizing his presence in the United States.

Immigration authorities also discovered that Obando-Landa had previously been deported from the United States in 1996, subsequent to his conviction in New York for attempted third-degree robbery.

Obando-Landa thereafter pled guilty to illegally reentering the country after previously being deported following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). A presentence report ("PSR") was prepared, which calculated a base offense level of eight and then increased that by sixteen levels pursuant to USSG §2L1.2(b)(1)(A)(ii) because of Obando-Landa's prior deportation after his conviction for a felony that is a crime of violence.[1] After a three-level downward adjustment for acceptance of responsibility, Obando-Landa was assigned a total offense level of twenty-one. With a criminal history category of III, the advisory sentencing range under the Guidelines was forty-six to fifty-seven months.

---

[1]The PSR stated the following concerning that felony conviction:

> On February 6, 1991, the defendant was sentenced to 1 year custody for the crime of Attempted Robbery-3 in the Queens County Superior Court, New York, Case No. 02020-90. Pursuant to §2L1.2 Commentary, Application Note B(iii), a "crime of violence" means...robbery...or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

PSR ¶ 10, Sealed Appellee's Supp. App. Vol. II.

Obando-Landa objected to the sixteen-level enhancement recommended by the PSR, arguing that the attempted robbery conviction does not qualify as a crime of violence under Tenth Circuit precedent. Obando-Landa reiterated that objection at his sentencing hearing. Obando-Landa also sought a downward departure based upon a history of mental illness.[2]

The district court denied Obando-Landa's objection, finding, with respect to the sixteen-level enhancement, that "the Guidelines have been appropriately calculated in this instance." Tr. of Sentencing at 11, App. Vol. I at 31. The court then sentenced Obando-Landa to forty-six months. Obando-Landa appeals, challenging only the sixteen-level enhancement based upon the characterization of his attempted third-degree robbery conviction as a conviction for a crime of violence.

**DISCUSSION**

Following the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the federal sentencing Guidelines are advisory. Nonetheless, because sentencing courts are required to "consider" the properly-calculated Guidelines sentencing range, <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 748-49 (10th Cir.) (en banc) (internal quotation omitted), <u>cert. denied</u>, 126 S. Ct.

---

[2]Obando-Landa makes no argument on appeal about his mental illness.

-4-

495 (2005), we continue to review the sentencing court's factual findings under the Guidelines for clear error and its legal determinations de novo. United States v. Serrata, 425 F.3d 886, 906 (10th Cir. 2005). We review for reasonableness the ultimate sentence imposed. Booker, 543 U.S. at 261-62 (Breyer, J.). "[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

USSG §2L1.2(b)(1)(A)(ii) requires a sixteen-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." The application notes specifically state that a "'[c]rime of violence' means any of the following: . . . robbery . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §2L1.2, comment. (n.1(B)(iii)). Additionally, the application notes state that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of . . . attempting[] to commit such offenses." Id., comment. (n.5).

> Generally speaking, we interpret the Sentencing Guidelines according to accepted rules of statutory construction. In interpreting a guideline, we look at the language in the guideline itself, as well as at the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission. Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.

-5-

United States v. Torres-Ruiz, 387 F.3d 1179, 1181 (10th Cir. 2004) (citations, internal quotation, and alteration marks omitted).

When we consider generally whether a prior conviction was for a "crime of violence" under USSG §2L1.2, we employ the "categorical approach." United States v. Martinez-Hernandez, 422 F.3d 1084, 1086 (10th Cir. 2005). This entails looking at "the elements of the [state] statute under which [the defendant] had been convicted," id., to determine whether those elements require "the use, attempted use, or threatened use of physical force against the person of another." However, our inquiry in this case is even more straightforward. The commentary to USSG §2L1.2 specifically lists "robbery" as a "crime of violence" for purposes of the Guideline. It also specifically includes "attempts" to commit a "crime of violence" within the definition of such a crime. We have cited with approval the Sentencing Commission's explanation for its 2003 amendment of the definition of crime of violence in §2L1.2, where the Commission expressly stated that the amended, and current, definition of "crime of violence" "'makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.'" United States v. Munguia-Sanchez, 365 F.3d 877, 881 (10th Cir. 2004) (quoting USSG app. C (vol. II), amend. 658, at 401-02 (Supp. 2003)) (emphasis omitted); see also

Torres-Ruiz, 387 F.3d at 1182 (employing the categorical approach because the particular crime "is not specifically included in §2L1.2 as a 'crime of violence'"). Thus, "robbery," as an enumerated offense, falls within the definition of a "crime of violence." And, because "attempts" to commit such crimes also are expressly included, Obando-Landa's attempted third-degree robbery conviction subjects him to the sixteen-level enhancement contained in USSG §2L1.2.

Moreover, were we to employ the categorical approach and inquire whether a conviction for attempted third-degree robbery under New York statutory law qualifies as an "offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another" under §2L1.2, we would conclude that it does. N.Y. Penal Law § 160.05 defines third-degree robbery as "forcibly steal[ing] property." Further, "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person . . ." Id. § 160.00. Those statutory definitions clearly require "the use, attempted use, or threatened use of physical force against the person of another."[3]

---

[3]In interpreting an earlier version of USSG §2L1.2, the Second Circuit held that a "conviction of attempted robbery in the third degree [under New York law] constituted an 'aggravated felony' under [USSG] §2L1.2(b)(1)(A)." United States v. Fernandez-Antonia, 278 F.3d 150, 163 (2d Cir. 2002). The Fernandez-Antonia court applied a version of the Guidelines in which "aggravated felony" for purposes of USSG §2L1.2 included a "crime of violence" as defined in 18

(continued...)

We conclude that the district court properly applied the sixteen-level enhancement under USSG §2L1.2.

Obando-Landa makes no other argument about the reasonableness of his sentence, and we find it reasonable as <u>Booker</u> requires.

**CONCLUSION**

For the foregoing reasons, we AFFIRM Obando-Landa's sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3](...continued)
U.S.C. § 16, which, in turn, defined a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." <u>See</u> USSG §2L1.2 (Nov. 2000); 18 U.S.C. § 1101(a)(43)(F).