**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAVIER MENDOZA-GUARDIOLA,

    Defendant - Appellant.

No. 05-2296
(D. New Mexico)
(D.Ct. No. CR-05-690-JH)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On May 5, 2005, Javier Mendoza-Guardiola pled guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). The

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court sentenced him to twenty-four months' imprisonment. That sentence was in accord with the recommendation in the Presentence Investigation Report (PSR), which recommended a twelve-level enhancement because the defendant had a prior felony drug trafficking conviction.[1] *See* United States Sentencing Commission, *Guidelines Manual,* § 2L1.2(b)(1)(B) (2004). Defendant objected to the PSR, arguing that he was not subject to the twelve-level enhancement because his prior felony conviction, although an "aggravated felony," was not a felony "drug trafficking offense" for purposes of USSG §2L1.2(b)(1)(B). The district court disagreed. It also rejected Mendoza-Guardiola's argument that a sentence within the applicable guideline range was unreasonable and denied his request for a downward departure. Judgment was entered on September 2, 2005. Mendoza-Guardiola timely appealed. He raises the same argument on appeal that he did below, *i.e.*, his prior conviction was not a "felony drug trafficking offense," and adds that the district court's sentence was unreasonable. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

---

[1] The PSR determined Mendoza-Guardiola's base offense level was eight pursuant to USSG §2L1.2(a). Twelve levels were added for his prior felony "drug trafficking" conviction. Mendoza-Guardiola also received a three level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1. Thus, his total offense level was seventeen, with a criminal history category of I, resulting in a guideline range of twenty-four to thirty months.

**Discussion**:

We review the district court's application and interpretation of the Sentencing Guidelines *de novo*. *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1039 (10th Cir. 1999). However, we review factual findings for clear error. *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005). The classification of a prior conviction is a question of law we review *de novo*. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). We review sentences imposed after *United States v. Booker*, 543 U.S. 220 (2005), for reasonableness. *United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005). We note that the district court "is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004). "If . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Id*.

Section 2L1.2(b)(1)(B) calls for a twelve-level enhancement to the base offense level if the defendant was deported after having been convicted of a "felony drug trafficking offense for which the sentence imposed was 13 months or less . . . ." The sentencing guidelines define a "[d]rug trafficking offense" as "an

offense under federal, state, or local law that prohibits . . . the possession of a controlled substance . . . with intent to distribute . . . ." USSG §2L1.2, comment. (n.1(B)(iv)). To determine whether Mendoza-Guardiola's prior conviction constitutes a "drug trafficking offense," the court must first look to the statutory definition of the crime. *See United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993). We employ a "categorical approach" to determine whether Mendoza-Guardiola's prior conviction under 18 U.S.C. § 1952 is a "drug trafficking offense." *United States v. Herrera-Roldan*, 414 F.3d 1238, 1240-41 (10th Cir. 2005); *see also United States v. Martinez-Hernandez*, 422 F.3d 1084, 1088 (10th Cir. 2005) (characterizing *Herrera-Roldan* as applying the categorical approach). By its terms, 18 U.S.C. § 1952 reaches different types of conduct.[2]

---

[2] Section 1952 provides:

**(a)** Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to --

    **(1)** distribute the proceeds of any unlawful activity; or

    **(2)** commit any crime of violence to further any unlawful activity; or

    **(3)** otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform --

        **(A)** an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or

*United States v. Rodriquez-Duberney*, 326 F.3d 613, 617 (5th Cir. 2003). Thus, the court "may look to the charging paper and judgment of conviction" to determine how the offense should be classified. *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003).

The information to which Mendoza-Guardiola pled guilty in the original case specifically alleged he possessed marijuana with the intent to distribute it.[3] Although his plea agreement and the judgment may not have mentioned that Mendoza-Guardiola possessed marijuana with the intent to distribute, Mendoza-

> **(B)** an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.

**(b)** As used in this section (i) "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title . . . .

[3] The information stated:

Javier Mendoza, defendant herein, did travel in interstate commerce, from the state of Oklahoma, to the state of Illinois, with intent to promote, manage, establish, carry on [and] facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit, the knowing and intentional possession with intent to distribute approximately 47 pounds of marijuana, a Schedule II Non-Narcotic Controlled Substance, and thereafter, on April 19, 1989, did perform and cause to be performed acts facilitating said unlawful activity; all in violation of [18 U.S.C. §] 1952.

(Appellee's Exh. 1 at 1.)

Guardiola specifically pled guilty to the information and therefore admitted all the allegations contained therein. *United States v. Broce*, 488 U.S. 563, 570 (1989); *United States v. Hill*, 53 F.3d 1151, 1155 (10th Cir. 1995). The allegations in the indictment, to which Mendoza-Guardiola admitted by pleading guilty, are sufficient to establish that his prior conviction was for a "drug trafficking offense." Thus, the district court's imposition of a twelve-level enhancement was not error.[4]

Nor is Mendoza-Guardiola's sentence unreasonable. Mendoza-Guardiola was sentenced within a correctly calculated guideline range. Thus, the sentence imposed in this case is presumptively reasonable. *Kristl*, 437 F.3d at 1055. The district court considered and applied the sentencing factors in § 3553(a) and relied heavily upon the fact that Mendoza-Guardiola had not received any criminal

---

[4] Mendoza-Guardiola's prior conviction need not be pled in the indictment or proven beyond a reasonable doubt to a jury. *Almendarez-Torrez v. United States*, 523 U.S. 224, 226-27 (1998). Nor can we set aside the holding of *Almendarez-Torres* based upon the Supreme Court's recent decision in *Shepard v. United States*, 544 U.S. 13 (2005). Although *Shepard* casts some doubt on the continuing validity of *Almendarez-Torres*, the Supreme Court has not overruled it and we continue to be bound by it. *See Shepard*, 544 U.S. at 27 (Thomas, J., concurring) (stating that *Almendarez-Torres* "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"); *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005) ("[W]e are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 46 (2000)] and extended to the Guidelines in *Booker* remains good law."). Mendoza-Guardiola concedes this Court is still obligated to follow *Almendarez-Torres*, but raises the issue "in order to preserve the claim for further review." (Appellant's Br. at 27.)

history points for his prior conviction.  Additionally, the district court deemed Mendoza-Guardiola's "family situation, [] financial situation, [] illegal status, and [] reasons for returning to the United States are not factors that take his case outside of the heartland of cases, of those who are similarly situated" and sentenced him at the bottom of the sentencing range.  (R. Vol. III at 35, 36.) Mendoza-Guardiola has failed to adequately rebut the presumption of reasonableness by establishing the sentence was unreasonable in light of the sentencing factors in § 3553(a).

AFFIRMED.


**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge