McCONNELL, Circuit Judge,
concurring.
This Circuit’s precedent has become confused regarding when to use the pure “categorical method,” when to use the “modified categorical method,” and when to use the “factual approach” in determining when various sentencing enhancements apply on account of prior convictions. When a sentencing enhancement is framed in terms of the statute of conviction, the categorical approach applies and the sentencing court must look not to the particular facts of the prior conviction but to the terms of the underlying statute. United States v. Martinez-Hernandez, 422 F.3d 1084, 1086 (10th Cir.2005). Even within the scope of the categorical approach, however, the Supreme Court has recognized an “exception” for cases where the jury was actually required to find all the elements of the generic offense in order to convict, but where it is not clear from the statute itself which version of the crime the defendant was charged with. Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); Shepard v. United States, 544 U.S. 13, 17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In such a case, the sentencing court may consult the indictment, jury instructions, plea colloquy transcript, and written plea agreement, if these exist.
For example, in Taylor the defendant would receive an enhanced sentence if he had committed a “violent felony,” a term defined to include “burglary,” which the Court interpreted to encompass what it called “generic burglary.” 495 U.S. at 589-599, 110 S.Ct. 2143. Because the state in which Taylor had committed his burglary employed a broader definition of the crime, it was necessary to “go beyond the mere fact of conviction” to determine whether the jury had been required “to find all the elements of generic burglary in order to convict.” Id. at 602, 110 S.Ct. 2143.
In this case we are applying U.S.S.G. § 2L1.2, which enhances the defendant’s sentence if he had three or more prior convictions for misdemeanors that are crimes of violence. The commentary for Section 2L1.2 defines a crime of violence as one of twelve enumerated offenses or “any offense under federal, state, or local *1211 law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). The defendant here committed three violations of Colorado’s harassment law, which applies when “with intent to harass, annoy, or alarm another person,” the defendant “[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact.” Colo.Rev.Stat. § 18 — 9— lll(l)(a). I agree with the majority that this statute does not necessarily involve the use of physical force.
Having reached that conclusion, however, I do not agree that we are free to “deviate from the categorical approach” to examine court documents indicating that the defendant engaged in domestic violence. The relevant enhancement statute here, unlike that in Taylor, applies only when the statute under which the defendant was convicted “has as an element” the use, attempted use, or threatened use of physical force against the person of another. Id. cmt. l(B)(iii). What defendant actually did is irrelevant to whether the statute has such an element. The elements are the elements, and they can be determined only by reading and interpreting the statute itself. I therefore believe that in this case, we must apply the pure categorical method, not the “modified” categorical method of Taylor and Shepard.
Indeed, the Office of Legal Counsel at the Department of Justice takes this view of 18 U.S.C. § 921(a)(33)(A)(ii), a statute which defines a crime of violence by whether it “has, as an element, the use or attempted use of physical force.” The OLC’s view is that it is “unambiguous” that the “as an element” language is “limited to ... a factual predicate specified by law and required to support a conviction.” When A Prior Conviction Qualifies As A “Misdemeanor Crime of Domestic Violence,” 31 Op. Off. Legal Counsel (May 17, 2007) at *1, *12 n. 4, http://www.usdoj.gov/ ole/2007/atfmcdv-opinion.pdf. By contrast, it is permissible to look to the charging documents and plea proceedings if the statute itself has subparts with different enumerated elements, and it is not clear which set of elements the defendant was convicted under. Id. at *5-9. In other words, the categorical approach permits the court to consult charging documents and related materials to determine what elements the jury had been required to find; it does not extend to factual details not part of the jury’s verdict. See United States v. Lewis, 405 F.3d 511, 515 (7th Cir.2005) (Easterbrook, J.) (“The list in Shepard is designed to identify documents that illuminate what crime the defendant committed, which can be hard to pin down if one state statute defines both ‘violent’ and ‘nonviolent’ versions of a single offense. Using additional materials such as affidavits to ascertain how this person violated a statute departs from the categorical approach that Shepard and Taylor adopt.”).
Unfortunately, our post-Shepard opinions on this issue — including some I have written — are inconsistent on this point. In United States v. Martinez-Hernandez, 422 F.3d 1084, 1087-88 (10th Cir.2005) (McConnell, J.), we discussed the same language in § 2L1.2 and said: “ ‘That has as an element’ asks us to look at the elements of the statute of conviction ... [it does not] direct[] our attention to the underlying facts.” See also United States v. Herrera-Roldan, 414 F.3d 1238, 1240-41 (10th Cir.2005) (McConnell, J.) (same). On the other hand, in United States v. Hernandez-Garduno, 460 F.3d 1287 (10th Cir.2006) (McConnell, J.) we wrote the opposite — that even if an assault statute’s elements did not include the use of force, “[i]f the charging documents, plea agreement, transcript of a plea colloquy, or sen *1212 tencing court findings of the prior state court conviction demonstrate that the third-degree assault did, in fact, involve the use, attempted use, or threatened use of physical force, then the particular defendant’s prior assault conviction qualifies as a crime of violence under § 2L1.2(b)(l)(A)(ii).” Id. at 1294. See also United States v. Ruiz-Rodriguez, 494 F.3d 1273, 1277 (10th Cir.2007) (if there is no statutory element of force, “we can remand to the district court for review of the charging documents, plea agreement, transcript of a plea colloquy or documentation of the judge’s factual findings in the prior offense’s proceeding to determine whether conviction for the prior offense necessarily meant the defendant engaged in the required element of force.”).
It thus appears our Circuit has been overly casual in considering what role charging papers and plea agreements play in determining the elements of a crime. At some point we will have to resolve the contradiction in our case law and determine whether the “modified categorical approach” can properly be used in determining the elements of a state-law offense. In this case, however — as the majority concludes — the modified categorical method reaches the same conclusion as the pure categorical method. Because the choice of methods is immaterial to the result, this case is not the occasion to clarify our approach.
I respectfully concur.