**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL EUGENE WRIGHT,

    Defendant-Appellant.

No. 05-5022
(Northern District of Oklahoma)
(D.C. No. 03-CR-167-CVE)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore,

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Introduction

Appellant Daniel Eugene Wright appeals the district court's determination that he was an armed career criminal as defined by the United States Sentencing Guidelines Manual ("USSG") § 4B1.4 and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We assert jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and **affirm**.

## II. Background

Wright pleaded guilty in the United States District Court for the Northern District of Oklahoma to conspiracy to manufacture, possess, and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Wright was classified as an armed career criminal because he had three prior convictions for a violent felony. 18 U.S.C. § 924(e). The district court determined Wright's prior New Mexico convictions for (1) Commercial Burglary and Larceny over $250, (2) Armed Robbery and Aggravated Assault with a Deadly Weapon, and (3) Commercial Burglary and Larceny over $2,500, constituted violent felonies. Wright was sentenced to two 188 month terms of imprisonment, with the terms to run concurrently. *See* USSG § 4B1.4 (providing offense levels for armed career criminals). Wright challenges the use of his first commercial burglary conviction as a predicate violent felony under the ACCA.

## III. Discussion

We review *de novo* whether a prior conviction is a violent felony for purposes of enhancement under the ACCA and USSG § 4B1.4. *United States v. King*, 422 F.3d 1055, 1057 (10th Cir. 2005). Burglary is listed as a violent felony in the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). In *Taylor v. United States*, however, the Supreme Court held Congress only intended the ACCA to be triggered by crimes having the elements of "generic" burglary. 495 U.S. 575, 598 (1990). "Generic" burglary, according to the Court, consists of an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*.

Wright was convicted of commercial burglary under a nongeneric statute. *See* N.M. Stat. Ann. § 30-16-3(B) (criminalizing entry into "any vehicle, watercraft, aircraft, dwelling or other structure"). Therefore, we must look to other documents to determine whether Wright actually committed a generic burglary by entering a building or structure. *United States v. Shepard*, 125 S. Ct. 1254, 1257 (2005); *Taylor*, 495 U.S. at 602. We are limited, however, "to examining the . . . charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 125 S. Ct. at 1257.

The district court determined the transcript of the plea colloquy where Wright pleaded guilty to commercial burglary was sufficient to establish that Wright admitted entering a building or structure. At the plea hearing, the prosecutor read the plea agreement and then stated:

> Had this matter proceeded to trial, the State would have shown . . . through the testimony of Gilbert Zamara, Joe Carosco, Joe Garli, and Alfred Soto of the Valencia Police Department, that on or about the 19th day of December, 1992 in Valencia County, State of New Mexico, Daniel Wright entered the Furrs Supermarket without authorization or permission with intent to commit a theft therein.

ROA, vol. III, Ex. 2 at 2. After the judge advised Wright of his constitutional rights, he entered a plea of guilty. The judge then asked "[y]ou heard the Assistant District Attorney state the evidence they would produce in this matter were you to go to trial. Do you dispute any portion of that evidence?" *Id*. at 7. Wright answered "[n]o." *Id*. The judge also asked defense counsel whether she had "any questions or additions to the factual basis?" *Id*. Counsel also answered "[n]o." *Id*.

Wright argues this exchange does not satisfy the demands of *Shepard* because it does not demonstrate that Wright "necessarily" admitted facts equating to generic burglary. Specifically, Wright contends he did not confirm or admit to the factual basis provided by the prosecution; instead, he merely stated he did not dispute the factual basis. Wright also argues his status as an armed career criminal should not rest on the vagaries of an advocate's statement of the factual

basis. Wright's argument, however, is not persuasive. Wright did not merely acquiesce by silence to the factual basis provided by the prosecution; he affirmatively adopted it by stating on the record that he did not dispute the factual basis. *See* NMRA Rule 5-304(G) ("Notwithstanding the acceptance of a plea of guilty or guilty but mentally ill, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."). Additionally, the factual basis for the plea did not rest solely on the prosecutor's statement. Wright was given an opportunity to either confirm or dispute the factual basis, and he confirmed it. Defense counsel also had an opportunity to dispute the factual basis and declined.

After reviewing the transcript of the plea hearing, we conclude Wright "necessarily" admitted facts necessary to establish his prior commercial burglary conviction involved entry of a building or structure. Therefore, the district court did not err in sentencing Wright as an armed career criminal.

## IV. Conclusion

For the foregoing reasons, Wright's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-6-