PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 05-3093

JOSE ADRIAN CHAVEZ-ALONSO,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 04-CR-10153-01-MLB)**

Before **McCONNELL** and **BALDOCK**, Circuit Judges and **ARMIJO**, District Judge.*

**McCONNELL**, Circuit Judge.

John K. Henderson, Jr., Assistant Federal Public Defender, Wichita, Kansas, for Defendant-Appellant.

Eric F. Melgren, United States Attorney, and Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

---

* The Honorable M. Christina Armijo, United States District Judge for the District of New Mexico, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jose Adrian Chavez-Alonso was charged with illegally reentering the United States after having been deported subsequent to a conviction for an aggravated felony. Mr. Chavez-Alonso filed a motion to dismiss the indictment, challenging the validity of his underlying deportation in 1995. Specifically, he claims that the 1995 deportation proceeding was fundamentally unfair because the immigration judge failed to inform him of his eligibility for relief from deportation, despite promises to the contrary. The district court denied the motion to dismiss and Mr. Chavez-Alonso entered a conditional plea of guilty. We **AFFIRM.**

**I.**

Mr. Chavez-Alonso, a citizen of Mexico, first entered the United States without inspection in 1980. He was granted permanent resident status in February 1990. On August 7, 1992, Mr. Chavez-Alonso was convicted of felony possession of a deadly weapon, a sawed-off shotgun, and was sentenced to three years in prison. Upon his release from prison in 1995, Mr. Chavez-Alonso was released to the custody of the Immigration and Naturalization Service (INS).

On November 7, 1994, Mr. Chavez-Alonso was ordered to show cause why he should not be deported from the United States. The Order to Show Cause stated:

> The immigration judge will advise you regarding relief from deportation for which you may be eligible. You will be given a reasonable opportunity to make an application for any such relief. If you are not satisfied with the decision of the immigration judge, you have the right to appeal. The immigration judge will provide you with your appeal rights.

The deportation hearing was held on July 31, 1995, and the immigration judge entered an order of deportation. The order of deportation indicates that Mr. Chavez-Alonso waived his right to appeal the order. The INS issued a warrant of deportation, which was executed on August 31, 1995, at Calexio, California.

Mr. Chavez-Alonso was charged with illegally re-entering the United States in 1997, but the charges were dismissed and he was deported in 1998. He was also deported in 2001 and 2003.

In May 2004, Mr. Chavez-Alonso was found in McPherson, Kansas without having obtained permission to re-enter the United States. He was indicted, under 8 U.S.C. § 1326, for re-entry after deportation subsequent to a conviction for the commission of an aggravated felony. Mr. Chavez-Alonso filed a motion to dismiss, challenging the underlying 1995 deportation order. He claimed that the deportation hearing violated his due process right to apply for residency prior to deportation because both the immigration judge and the Order to Show Cause

stated that he would be informed of any relief for which he may have been eligible, but the immigration judge never informed him that he was eligible for relief under Section 212(c) of the Immigration and Nationality Act. The district court denied the motion, finding that Mr. Chavez-Alonso's position was foreclosed by *United States v. Aguirre-Tello*, 353 F.3d 1199, 1205 (10th Cir. 2004) (en banc), in which this Court held that a potential deportee has no constitutional right to be informed of the existence of discretionary relief. Mr. Chavez-Alonso entered a conditional plea of guilty and was sentenced to 48 months in prison. He now appeals the district court's denial of his motion to dismiss.

**II.**

On appeal, Mr. Chavez-Alonso contends that our decision in *Aguirre-Tello* does not control the disposition of this case because the immigration judge expressly stated that all potential deportees, including Mr. Chavez-Alonso, would be informed as to whether they were eligible for discretionary relief. According to Mr. Chavez-Alonso, the immigration judge never informed him that he was eligible for relief, even though, as a legal permanent resident, he may have been eligible for relief under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed Sept. 30, 1996). Mr. Chavez-Alonso claims that the

immigration judge's affirmative misrepresentation constituted a denial of due process distinct from the one we rejected in *Aguirre-Tello*.

We review *de novo* constitutional challenges to an underlying deportation order. *Aguirre-Tello*, 353 F.3d at 1204. Congress has imposed specific limitations on an alien's right to collaterally attack an underlying deportation order for charges of illegal reentry. *United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004). To collaterally attack a deportation order, an alien must demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The defendant bears the burden of proof. *Aguirre-Tello*, 353 F.3d at 1204.

Mr. Chavez-Alonso cannot collaterally attack his underlying deportation order because he failed to exhaust his administrative remedies. The record indicates that he waived his right to appeal the 1995 deportation order to the Board of Immigration Appeals. Mr. Chavez-Alonso presents no explanation for his failure to appeal and does not even address the exhaustion requirement. An alien who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1). *See*

*United States v. Esparza-Aguilar*, No. 03-4017, 2004 WL 1157832, at *1 (10th Cir. May 25, 2004); *United States v. Johnson*, 391 F.3d 67, 77 (2d Cir. 2004); *United States v. Muro-Inclan*, 249 F.3d 1180, 1182-83 (9th Cir. 2001). Mr. Chavez-Alonso has not argued that he agreed to the waiver unknowingly. Indeed, the Order to Show Cause he cites in support of his argument that the immigration judge was under an obligation to inform him of discretionary relief specifically informs him of his right to appeal. Accordingly, we find that by knowingly waiving his right to appeal, Mr. Chavez-Alonso failed to exhaust his administrative remedies and cannot collaterally attack his 1995 deportation order.

At least one circuit has held that an alien's failure to exhaust administrative remedies under § 1326(d)(1) may be excusable where the waiver of appeal is premised on constitutionally relevant misinformation conveyed by the immigration judge. *See Johnson*, 391 F.3d at 74-75. That decision, however, was premised on that Circuit's position – contrary to *Aguirre-Tello* – that an alien facing deportation has a constitutional right to be informed of eligibility for discretionary relief. *See United States v. Copeland*, 376 F.3d 61, 72 (2d Cir. 2004). Because that premise is contrary to this Court's en banc holding in *Aguirre-Tello*, we do not adopt it.

In *Aguirre-Tello*, the immigration judge informed all potential deportees at an August 1994 deportation hearing that "you might be eligible for some pardon

or for asylum. If you are eligible for a pardon, I will tell you." *Aguirre-Tello*, 353 F.3d at 1201. Despite the representation that the immigration judge would inform deportees if they were eligible for a "pardon," this Court held that "there is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible." *Id.* at 1205. Thus, our holding in *Aguirre-Tello* applies even to those cases in which the immigration judge (or Order to Show Cause) states that the immigration judge will inform potential deportees of their eligibility for relief. Because the immigration judge was under no legal obligation to inform Mr. Chavez-Alonso of his eligibility for relief from deportation under § 212(c), Mr. Chavez-Alonso's wavier was not premised on constitutionally relevant misinformation. *Cf. Aguirre-Tello*, 353 F.3d at 1210 n.9 (immigration judge's failure to inform alien of eligibility for discretionary relief did not deprive the alien of the opportunity for judicial review or affect the voluntariness of the alien's waiver of appeal because the deportation proceeding was not fundamentally unfair). Mr. Chavez-Alonso has therefore failed to exhaust his administrative remedies and cannot collaterally attack his underlying deportation order.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court denying Mr. Chavez-Alonso's motion to dismiss, and uphold his conviction.