**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANGELO MELENDEZ,

    Defendant - Appellant.

No. 15-4055
(D.C. No. 2:14-CR-00529-DAK-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

---

Miguel Angelo Melendez entered a conditional guilty plea to one count of illegal reentry. 8 U.S.C. § 1326. On appeal, he challenges the district court's denial of his motion to dismiss. He bases this challenge on a collateral attack of his original removal proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the judgment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Background

On January 13, 2010, the U.S. Department of Homeland Security served Mr. Melendez with a Notice to Appear in immigration court for removal proceedings. I R. 25–27. The proceeding was to determine if Mr. Melendez and others appearing at the proceeding were removable from the United States, and, if so, if they qualified for relief under the Immigration and Nationality Act (INA). At the beginning of the proceeding, the immigration judge informed all defendants of their rights, including the right to appeal a decision. During Mr. Melendez's individual hearing, he acknowledged receipt of the Notice of Appeal, waived his right to an attorney, and admitted that he was not a citizen of the United States and had entered illegally. The immigration judge asked if he had a parent, spouse, or child who was a U.S. citizen. Mr. Melendez responded that his parents were not citizens, he was not married, but his girlfriend was pregnant with his child. He also acknowledged that he was not afraid to return to Mexico.

The immigration judge found that Mr. Melendez was not entitled to any form of discretionary relief except possible voluntary departure. He informed Mr. Melendez that he did not see any other relief available. The judge denied voluntary departure after hearing evidence regarding Mr. Melendez's prior arrest for possession of a sawed-off shotgun and prior conviction for possession of drug paraphernalia. He asked Mr. Melendez if he wished to exercise his right to appeal; Mr. Melendez declined. The judge recorded his decision as final. Id. at

29–30. Pursuant to the judge's order, Mr. Melendez was removed from the United States on February 4, 2010.

Four years later, Mr. Melendez was arrested in Salt Lake City, Utah, on a charge of providing false information to a police officer. While in jail, U.S. Immigration and Customs Enforcement (ICE) agents interviewed Mr. Melendez. After hearing his rights and agreeing to answer questions without counsel, Mr. Melendez admitted he was a Mexican citizen, had been removed from the United States, and had reentered through Texas in January 2014.

The government charged Mr. Melendez in a felony information with reentry of a removed alien. Id. at 7–8. As noted, Mr. Melendez filed a motion to dismiss, attempting to collaterally attack his prior removal. Id. at 9–24. He claimed that the immigration judge in his first removal proceeding erroneously informed him that he did not qualify for discretionary relief. Mr. Melendez contended that he actually qualified for relief under the INA section 212(h) waiver, 8 U.S.C. § 1182(h).[1] After hearing oral argument, the district court

---

[1] Mr. Melendez's conviction for a misdemeanor count of possession of drug paraphernalia would normally make him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). But in some cases, the government has the discretion to waive inadmissibility. Section 212(h) of the INA permits waiver

[i]n the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such

denied the motion.  United States v. Melendez, No. 2:14CR529DAK, 2015 WL

1143031 (D. Utah Mar. 13, 2015).

Mr. Melendez entered a conditional guilty plea, preserving the right to

appeal the district court's denial of his motion to dismiss.  I R. 67–72.  The

district court sentenced him to time served and twelve months of supervised

release and placed him into the custody of ICE for deportation.  Id. at 73–77.  Mr.

Melendez timely appealed.


## Discussion

We review Mr. Melendez's challenge to his original removal proceeding de

novo.  United States v. Aguirre-Tello, 353 F.3d 1199, 1204 (10th Cir. 2004) (en

banc).  To collaterally attack the removal order underlying a prosecution for

illegal reentry, the defendant must show:

> (1) the alien exhausted any administrative remedies that may have
> been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued
> improperly deprived the alien of the opportunity for judicial review;
> and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  A final removal order has a presumption of regularity and

---

alien.

8 U.S.C. § 1182(h)(1)(B).

the defendant bears the burden to prove each element of § 1326(d). United States v. Adame-Orozco, 607 F.3d 647, 651 (10th Cir. 2010). Mr. Melendez has not met this burden on any of the three elements.

## A. Exhaustion of Administrative Remedies

A defendant "who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)." United States v. Chavez-Alonso, 431 F.3d 726, 728 (10th Cir. 2005). Mr. Melendez claims that he could not knowingly waive his right to appeal because the immigration judge affirmatively misled him regarding his eligibility for discretionary relief. At least one circuit has held that a defendant's failure to exhaust administrative remedies might be excused if the immigration judge provided misleading information regarding the defendant's eligibility for discretionary relief. See United States v. Johnson, 391 F.3d 67, 75 (2d Cir. 2004) (citing United States v. Copeland, 376 F.3d 61, 70 (2d Cir. 2004)).

We have distinguished these cases, however, as contrary to our precedent that "there is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible." See Chavez-Alonso, 431 F.3d at 728 (quoting Aguirre-Tello, 353 F.3d at 1205); see also Adame-Orozco, 607 F.3d at 654 n.9. Mr. Melendez had no constitutional right to be informed of his eligibility for discretionary relief. His waiver, therefore, cannot be premised on constitutionally relevant misinformation, even

assuming arguendo the judge did mislead him. He was informed three times of his right to appeal: in his Notice to Appear, at the beginning of his proceeding, and when the judge asked him if he wished to exercise that right after making his ruling. See Johnson, 391 F.3d at 75–76 (noting a defendant "informed of his right to appeal weighs heavily against a finding that his waiver was not intelligent and considered"). Because he waived his right to appeal, Mr. Melendez failed to exhaust his administrative remedies and cannot meet § 1326(d)'s elements.

## B. Denial of Judicial Review

Similarly, Mr. Melendez cannot demonstrate that the original hearing deprived him of the opportunity for judicial review of the removal order. Absent "evidence to the contrary, this court cannot presume that the removal hearing improperly precluded [defendant's] right to judicial review." United States v. Rivera-Nevarez, 418 F.3d 1104, 1111 (10th Cir. 2005). Mr. Melendez claims "[t]he immigration judge's pronouncement that there was no basis for an appeal functionally deprived [him] of the opportunity for judicial review." Aplt. Br. at 11. We are not persuaded. Mr. Melendez mischaracterizes what the judge said. He did not, as Mr. Melendez contends, tell him "no appeal was possible in his situation." Id. The judge merely stated he saw no discretionary relief available except possible voluntary departure. He did not comment on whether an appeal would be successful. As noted above, Mr. Melendez was told three times that he had the right to appeal, including once after the judge's denial of voluntary

departure.  See United States v. Varela-Cias, 425 F. App'x 756, 760 (10th Cir. 2011) (holding that even though the immigration judge incorrectly informed the defendant of his eligibility for relief, the defendant was not deprived of his opportunity for judicial review because the judge informed him of his right to appeal).  Mr. Melendez's original removal hearing did not deny him the opportunity for judicial review.

## C.  *Fundamental Unfairness*

To prove that "the entry of the order was fundamentally unfair" Mr. Melendez must demonstrate that he was prejudiced—"a reasonable likelihood that, but for the errors complained of, he would not have been deported."  United States v. Sandoval, 390 F.3d 1294, 1299 (10th Cir. 2004) (quoting Aguirre-Tello, 353 F.3d at 1208) (internal quotations omitted).  Mr. Melendez claims he would not have been deported if the immigration judge had correctly told him of the possibility that he qualified for discretionary relief under section 212(h).  The government counters by arguing Mr. Melendez cannot show prejudice because he did not qualify for section 212(h).

To establish that he would have qualified for section 212(h), Mr. Melendez must demonstrate: (1) he was the spouse, parent, or child of either a U.S. citizen or a Legal Permanent Resident, and (2) his removal would have resulted in extreme hardship to the relative.  8 U.S.C. § 1182(h)(1)(B).  The district court ruled that Mr. Melendez's unborn child did not qualify as a citizen.  Mr.

Melendez argues that "where the child's other parent is a United States citizen, so that the child will inevitably be born a United States citizen, it is a reasonable interpretation of the immigration law to conclude that an unborn child should be considered in determining whether" he qualifies as a parent under section 212(h). Aplt. Br. at 18. We need not address this issue. Mr. Melendez has made no attempt to show how his deportation would have resulted, or did result, in extreme hardship for his unborn child. Without such a showing, Mr. Melendez cannot prove that he qualified for section 212(h) and therefore cannot prove prejudice.

Mr. Melendez cannot establish any of the required elements of § 1326(d). Because he had the burden to prove all of them, his collateral attack of his underlying removal cannot succeed.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge