**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE RAMON CONTRERAS-
CABRERA, a/k/a Jose Contreras-
Cabrera, a/k/a Jose Ramon
Contreras, a/k/a Ramon Contreras,
a/k/a Hector Morales, a/k/a Joe
Anthony Rodriguez, a/k/a Jimmy
Marie Morales,

Defendant - Appellant.

No. 18-6189
(D.C. No. 5:18-CR-00125-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

[*]     The parties have not requested oral argument, and it would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The defendant, Jose Ramos Contreras-Cabrera, pleaded guilty to unlawfully reentering the United States after removal. *See* 8 U.S.C. §1326(a). But he later sought to withdraw the guilty plea, arguing that the original removal order had been invalid. The district court denied the motion to withdraw, reasoning that 8 U.S.C. § 1326(d) prohibited Mr. Contreras-Cabrera's collateral challenge to the validity of the removal order.

Mr. Contreras-Cabrera appeals, arguing (1) that he either satisfied or was excused from satisfying § 1326(d) and (2) that the original removal order was void because the immigration judge lacked subject-matter jurisdiction. We reject these arguments and affirm the denial of the motion to withdraw the guilty plea.

**1.    Standard of Review**

When reviewing the denial of Mr. Contreras-Cabrera's motion to withdraw his guilty plea, we apply the abuse-of-discretion standard. *United States v. Sandoval*, 390 F.3d 1294, 1297 (10th Cir. 2004).

**2.    Requirements to Collaterally Challenge the Removal Order**

Mr. Contreras-Cabrera contends that the district court abused its discretion in denying his motion to withdraw because his alleged acts would not have constituted the crime of illegal reentry. This crime is defined as the reentry into the United States after exclusion, removal,

2

deportation, or denial of admission. 8 U.S.C. § 1326(a). Mr. Contreras-Cabrera contends that he did not commit this crime because his prior removal order had been void.

To collaterally challenge the removal order, Mr. Contreras-Cabrera had to prove three elements:

1.    he had exhausted any administrative remedies that may have been available to challenge the removal order,

2.    the removal proceedings had improperly deprived him of an opportunity for judicial review, and

3.    the entry of the removal order had been fundamentally unfair.

*See* 8 U.S.C. § 1326(d)(1–3). The district court concluded that Mr. Contreras-Cabrera had failed to satisfy any of the three elements. Because we agree that Mr. Contreras-Cabrera failed to exhaust administrative remedies, we affirm.[1]

**3.    Failure to Exhaust Administrative Remedies**

We start (and ultimately end) with the first element: exhaustion of administrative remedies. In considering this element, we begin with our overarching standard of review: abuse of discretion. *See* p. 2, above. A court can abuse its discretion by committing legal error. *United States v.*

---

[1]    Because we ultimately conclude that Mr. Contreras-Cabrera did not prove exhaustion, we need not address his arguments involving the second and third elements of 8 U.S.C. § 1326(d).

*Sandoval-Enrique*, 870 F.3d 1207, 1214 (10th Cir. 2017). Here, though, the district court did not abuse its discretion in finding a failure to exhaust administrative remedies.

The removal order was issued in 1992. Before the immigration judge ordered removal, Mr. Contreras-Cabrera had conceded removability and waived his right to appeal the removal order. By waiving his right to appeal, Mr. Contreras-Cabrera would ordinarily have failed to exhaust administrative remedies. *United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005).

But Mr. Contreras-Cabrera insists that he was not required to exhaust administrative remedies because (1) exhaustion would have been futile and (2) the removal order was void for lack of subject-matter jurisdiction. We reject both contentions.

According to Mr. Contreras-Cabrera, it would have been futile in 1992 to argue in the administrative proceedings that the removal order was void. But futility does not excuse a failure to exhaust when administrative exhaustion is required by a statute. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (courts will "not read futility or other exceptions into statutory exhaustion requirements"). Because administrative exhaustion is required by a statute (8 U.S.C. § 1326(d)(1)), no futility exception exists. *See United States v. Copeland*, 376 F.3d 61, 66–67 (2d Cir. 2004) (holding

4

that no futility exception exists, with one exception not relevant here, for the requirement of administrative exhaustion under 8 U.S.C. § 1326(d)).[2] We thus need not decide whether it would have been futile for Mr. Contreras-Cabrera to exhaust administrative remedies.

Mr. Contreras-Cabrera also contends that the immigration judge lacked subject-matter jurisdiction, rendering the removal order void and eliminating the need for administrative exhaustion. According to Mr. Contreras-Cabrera, the immigration judge would have obtained jurisdiction upon the filing of a notice to appear. *See* 8 C.F.R. § 1003.14(a) (stating that jurisdiction vests with an immigration judge when a charging document is filed). But he adds that the notice to appear needed to state the date and time for his appearance before an immigration judge. *See* 8 U.S.C. § 1229(a) (stating that an alien in a removal proceeding must be provided a written notice containing the date and time to appear). Because Mr.

---

[2]     When a statute requires a litigant to exhaust administrative remedies that "may have been available," 8 U.S.C. § 1326(d)(1), exhaustion may be unnecessary if "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736 (2001). In *United States v. Copeland*, the Second Circuit characterized this principle as a type of futility exception. 376 F.3d 61, 66–67 (2d Cir. 2004). But Mr. Contreras-Cabrera argues only that he would not have been able to prevail in an earlier administrative challenge; he doesn't question the availability of a remedy under the administrative procedure.

5

Contreras-Cabrera had not received a notice to appear with the date and time to appear, he argues that the immigration judge never obtained subject-matter jurisdiction.

Mr. Contreras-Cabrera's argument fails based on the requirements in place when the immigration judge ordered removal (1992). At that time, immigration authorities were not using notices to appear and had no statutory obligation to include the date or time in the initial document sent to the alien. *See* 8 C.F.R. § 3.14(a) (1992); 8 C.F.R. § 3.13 (1992). These documents and requirements came roughly four years after Mr. Contreras-Cabrera's removal order.[3]

In 1992, the regulations vested jurisdiction in the immigration judge upon the filing of a charging document. 8 C.F.R. § 3.14(a) (1992). And no one questions that a charging document was filed prior to Mr. Contreras-Cabrera's removal proceedings. Thus, failure to satisfy the later statutory

---

[3]    In district court, the government did not rely on the timing of the statutory requirements to include the date and time in the notice to appear. Thus, Mr. Contreras-Cabrera contends that the government forfeited this timing issue. But we are "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law." *United States v. Romero*, 749 F.3d 900, 906 (10th Cir. 2014). As a result, we can affirm on this ground even if the government failed to raise the timing issue in district court. *See United States v. Mosley*, 743 F.3d 1317, 1324 & n.2 (10th Cir. 2014) (considering an argument for affirmance made by the government for the first time on appeal even though the argument conflicted with the government's position in district court).

requirements could not have affected the immigration judge's jurisdiction in 1992.[4]

**4.    Conclusion**

Mr. Contreras-Cabrera did not exhaust administrative remedies, and he could not avoid the exhaustion requirement based on futility or characterization of the removal order as void. Given the failure to exhaust administrative remedies, Mr. Contreras-Cabrera could not collaterally challenge the validity of the removal order. Thus, the district court did not abuse its discretion in denying the motion to withdraw Mr. Contreras-Cabrera's guilty plea. We therefore affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[4]    Mr. Contreras-Cabrera invokes *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), arguing that it renders an immigration proceeding void if it begins through a notice to appear that omits some of the information required in 8 U.S.C. § 1229(a). But *Pereira* addressed a "narrow question" about the interplay between § 1229(a) and a different statute than the one at issue. 138 S. Ct. at 2110. Because we ultimately conclude that § 1229(a) does not apply, we need not address Mr. Contreras-Cabrera's argument concerning *Pereira*.