FILED
United States Court of Appeals
Tenth Circuit

April 28, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EMANUEL FERMAN,

    Defendant - Appellant.

No. 19-2078
(D.C. No. 2:18-CR-02739-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH,** and **MORITZ**, Circuit Judges.
_____

Emanuel Ferman appeals the district court's order denying his motion to dismiss

the indictment against him. For the reasons explained below, we affirm.

**Background**

Ferman became a lawful permanent resident of the United States in 1980. In 2004,

Ferman pleaded guilty to sexual assault under Texas Penal Code § 22.011. As a result of

that conviction, Ferman appeared before an immigration judge, who entered a removal

order. *See* 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii) (stating that being convicted of aggravated

felony or two or more crimes of moral turpitude are removable offenses). He was

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

removed to Mexico on the same day. In 2012, Ferman reentered the United States and was convicted of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). After serving a prison term for illegal reentry, Ferman was removed again in 2016.

In 2018, Ferman again reentered the United States. A grand jury indicted Ferman for illegal reentry. *See* § 1326(a), (b). In response, Ferman moved to dismiss the indictment, arguing that the 2004 removal order was defective. The district court, adopting the magistrate judge's report and recommendation with modifications, concluded that Ferman failed to exhaust available administrative remedies in connection with his 2004 removal order. Accordingly, the district court concluded that Ferman could not collaterally attack the 2004 removal order and thus denied Ferman's motion to dismiss. Ferman then entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss. Ferman now appeals.

**Analysis**

We review de novo the legal sufficiency of a prior removal order. *See United States v. Almanza-Vigil*, 912 F.3d 1310, 1316 (10th Cir. 2019). "When the government prosecutes a noncitizen for illegal reentry, it typically must prove two things: (1) that the noncitizen left the United States with an outstanding order of removal against him and (2) that afterward, the noncitizen entered, tried to enter, or was found in the United States." *Id*. A prior removal order is evidence of the first element. [1] *Id.* A defendant may

---

[1] Although Ferman challenges the 2004 removal order, the 2018 indictment is predicated on Ferman's 2016 removal and does not explicitly reference the 2004 order. Because the basis of the challenged indictment is the 2016 removal, it is unclear whether Ferman's attack on the 2004 removal order, even if successful, would have any bearing

collaterally attack that prior removal order only in limited circumstances. *See* § 1326(d); *Almanza-Vigil*, 912 F.3d at 1316. Specifically, § 1326(d) outlines three elements necessary to raise a collateral attack. The first element requires that a defendant "exhaust[] any administrative remedies that may have been available to seek relief against the order." § 1326(d)(1). The second element requires a defendant to demonstrate that the prior removal proceeding "improperly deprived [him or her] of the opportunity for judicial review." § 1326(d)(2). And the third element requires a defendant to demonstrate that the removal "order was fundamentally unfair." § 1326(d)(3). The defendant "must prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *United States. v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010); *see also id.* at 649 n.1 (explaining that deportation orders are now generally called removal orders).

On appeal, Ferman argues that the 2004 removal order "deprived [him] of the opportunity for judicial review" and "was fundamentally unfair" under the latter two elements of § 1326(d) because (1) procedural deficiencies in the removal proceedings constituted due-process violations; (2) the Texas sexual-assault conviction is not an aggravated felony; (3) the immigration judge lacked authority; and (4) his attorney in those proceedings was ineffective. § 1326(d)(2)–(3). As for the first element of

---

on the 2018 indictment. But when questioned at oral argument about the indictment's reliance on the 2016 removal, both parties asserted that the 2016 removal was premised on the 2004 removal order. Oral Argument at 14:18–36 (counsel for Ferman), 24:30–36 (government). Further, the 2004 removal order is the only removal order in the record before us. In any event, because the parties address only the 2004 removal order, we consider only that order and do not address the 2016 removal.

§ 1326(d), Ferman argues that the circumstances of his case excuse his failure to exhaust his administrative remedies. But even if exhaustion could be excused, Ferman does not persuade us that we should excuse exhaustion where, as here, Ferman knowingly waived his right to appeal the immigration judge's order. *See United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005) (finding noncitizen knowingly waived right to appeal deportation order and declining to apply particular exception to exhaustion requirement not at issue here).[2]

A noncitizen "who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)" as a matter of law. *Id.* at 728. Ferman concedes that, acting through his attorney, he waived his right to appeal during his 2004 removal proceedings. But Ferman now asserts in a declaration that he did not do so knowingly. Specifically, he contends that he did not consent to be represented by this attorney and that the attorney failed to explain the consequences of the waiver to him. Thus, Ferman argues that his prior waiver was invalid.

---

[2] Moreover, there is no uniform approach to exhaustion exceptions. Although some circuits recognize certain exhaustion exceptions, others reject those exceptions. *Compare United States v. Lopez-Chavez*, 757 F.3d 1033, 1044 (9th Cir. 2014) (finding that ineffective assistance of counsel excuses exhaustion requirement), *and United States v. Johnson*, 391 F.3d 67, 75 (2d Cir. 2004) (noting that exhaustion may be excused if immigration judge provided misleading information regarding defendant's eligibility for discretionary relief), *with United States v. Parrales-Guzman*, 922 F.3d 706, 707–08 (5th Cir. 2019) (rejecting exceptions to exhaustion requirement), *and United States v. Hernandez-Perdomo*, 948 F.3d 807, 811 (7th Cir. 2020) (concluding that even if futility exception to exhaustion exists, it would not apply where noncitizen failed to move to reopen immigration case).

The district court weighed Ferman's declaration against the transcript and audio recording of the hearing and found that Ferman "failed to adduce persuasive evidence that his waiver was not knowing and voluntary." R. vol. 2, 64. We agree. The hearing transcript and corresponding audio demonstrate that Ferman voiced no objection to his attorney's overall representation of him—even after the immigration judge gave Ferman an opportunity to go off the record and confer with the attorney before continuing with the hearing. Further, when the hearing continued and the attorney waived Ferman's right to an appeal, Ferman raised no objection to the waiver. Additionally, the written removal order confirmed Ferman's waiver; Ferman received a copy of this order on the same day as the hearing and again raised no objection. Ferman's failure to object contemporaneously either to his attorney's overall representation of him or more specifically to the waiver of his right to appeal demonstrates that Ferman "knowingly waive[d] the right to appeal" and therefore "fail[ed] to exhaust [his] administrative remedies." *Chavez-Alonso*, 431 F.3d at 728.

Because Ferman's appeal waiver definitively establishes that he failed to exhaust his administrative remedies, we need not determine which other specific steps Ferman should have taken to exhaust his claims. But we note that Ferman also failed to exhaust other "administrative remedies that may have been available" to him. § 1326(d)(1). For example, Ferman never sought discretionary relief from removal. *See* 8 U.S.C. § 1229a(c)(4). He also never appealed the removal order to the Board of Immigration Appeals to contest his allegedly invalid waiver. *See* 8 C.F.R. § 1003.1(b)(3); *In re Compean*, 25 I. & N. Dec. 1, 3 (Att'y Gen. 2009) (recognizing that Board can reopen

5

removal proceedings to consider claims of ineffective assistance of counsel). Finally, Ferman never asked the immigration court to reopen his immigration proceeding and address the same arguments he now makes before us. *See* 8 U.S.C. § 1229a(c)(7).

In sum, because Ferman failed to exhaust his administrative remedies, we need not reach his remaining arguments seeking to collaterally challenge his removal order under § 1326(d).

## Conclusion

Ferman failed to exhaust his administrative remedies. He therefore cannot collaterally attack his prior removal order. Thus, we affirm the district court's order declining to dismiss the indictment.

Entered for the Court


Nancy L. Moritz
Circuit Judge